```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ROY FRIEDMAN,<br><br>      Petitioner,<br><br>      v.<br><br>ROBERT BUECHELE, et al.,<br><br>      Respondents. | Civil No. 14-2638 (NLH)<br><br><br>**OPINION** |

**APPEARANCES:**

    ROY FRIEDMAN, #615166
    South Woods State Prison
    215 South Burlington Road
    Bridgeton, NJ 08302
        *Pro Se Petitioner*

    NANCY P. SHARFF, Assistant Prosecutor
    CAMDEN COUNTY PROSECUTOR
    25 North Fifth Street
    Camden, NJ 08102
        *Attorneys for Respondents*

**HILLMAN, District Judge**:

    Roy Friedman filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a judgment of conviction filed in the Superior Court of New Jersey, Camden County, on June 26, 2008. The judgment imposed an aggregate 20-year term of imprisonment, with an 85% period of parole ineligibility, after Petitioner pled guilty to three counts of aggravated

assault on his wife. The State filed an Answer and the record, and Friedman filed more than one Reply. After carefully reviewing the arguments of the parties and the state court record, this Court will dismiss the Petition with prejudice and deny a certificate of appealability.

## I.   BACKGROUND

A.   <u>The Crimes</u>

The Appellate Division of the Superior Court of New Jersey summarized the facts of the case this way:

> The factual basis for the plea revealed that the fifty-one year old defendant beat his wife, starting after twenty-five years of marriage. He also repeatedly burned her with the rack of a toaster oven, causing serious bodily injuries to different parts of her body. Defendant admitted that he burned his wife with the hot toaster oven racks on the legs and arms on the three occasions and that he had burned the same areas of her body repeatedly. At defendant's sentencing hearing, his wife stated that "I remember every day how he would hold the oven rack so hard on my arm and my leg that my skin would sizzle, then melt, then rip off and stick to the metal racks. The sound and smell of my flesh burning, no words can possibly describe it."

*State v. Friedman*, 413 N.J. Super. 480, 481 (App. Div. 2010), *rev'd,* 209 N.J. 102 (2012).

2

B.  <u>The State Court Proceedings</u>

A grand jury sitting in the Superior Court of New Jersey, Law Division, Camden County, issued a 111-count indictment charging Friedman with aggravated assaults and other crimes against his wife during 2005 and 2006. The indictment was amended in 2008 and the number of counts was reduced to 50. On March 28, 2008, Friedman pled guilty to three counts of second-degree aggravated assault that took place during three separate time periods, *i.e.,* between June 12, 2006, and July 17, 2006; between September 29, 2006, and October 3, 2006; and between December 11, 2006, and December 14, 2006. The negotiated plea provided that Friedman would plead guilty to three counts of second-degree aggravated assault; the sentences of six years, seven years, and seven years on these counts would be served consecutively; Friedman agreed to waive any argument that the sentences would run concurrently; and the State agreed to dismiss the remaining 47 counts.

On June 26, 2008, the trial judge sentenced Friedman to consecutive terms of six years, seven years, and seven years, resulting in an aggregate 20-year term of imprisonment. Friedman appealed his sentence, and the case was heard on the Appellate Division's sentencing calendar. By order filed on

3

December 31, 2009, the Appellate Division affirmed the sentence. Friedman filed a motion for reconsideration, seeking to challenge the imposition of consecutive periods of parole supervision.  The Appellate Division granted the motion, and on May 27, 2010, ruled in a published opinion that the periods of parole supervision pursuant to N.J. Stat. Ann. § 2C:43-7.2 must be served concurrently even though the sentences were ordered to run consecutively.  *See State v. Friedman*, 413 N.J. Super. 480, 481 (App. Div. 2010), *rev'd,* 209 N.J. 102 (2012).  The Supreme Court of New Jersey granted the State's petition for certification, as well as Friedman's cross-petition, and on January 24, 2012, reversed the Appellate Division in a published opinion.  *Id.*

Friedman filed a petition for post-conviction relief in the trial court on August 8, 2012.  On April 1, 2014, the trial court dismissed the petition by way of a consent order.

C.   Procedural History of § 2254 Petition

Friedman signed his § 2254 Petition on April 11, 2014.  The Court notified Friedman of his right to amend the Petition to include all available federal claims in accordance with *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), and he filed an Amended

4

Petition.  (ECF No. 5.)  As amended, the Petition raises the following ground:

> Ground One:  MY PLEA AGREEMENT IS UNCONSTITUTIONAL BECAUSE IT PRECLUDED MY ATTORNEY FROM ARGUING FOR CONCURRENT SENTENCES.
>
> Supporting Facts:  The State mandated a minimum sentence of fifteen years by not allowing my attorney to argue for concurrent sentences.  If my attorney was not precluded from arguing for concurrent sentences, he could have argued for a sentence as low as five years.  A defense attorney must be able to argue in favor of a lesser sentence than the one imposed by the plea agreement

(Am. Petition, ECF No. 5 at 5.)

The State filed an Answer arguing that Friedman is not entitled to habeas relief on the merits, and Friedman filed a Reply and a Supplemental Reply[1].  (ECF Nos. 13, 15, 17.)

## II.   STANDARD OF REVIEW FOR RELIEF UNDER § 2254

Section 2254 of title 28 of the United States Code sets limits on the power of a federal court to grant a habeas

---

[1] In his Reply, Friedman argues:  "My wife's hatred towards me built up to the point of causing her to inflict the injuries on herself with the purpose of putting me in prison for as long as possible.  The goal was to have my life controlled by someone for a long period of time just like I controlled her life." (ECF No. 13 at 5.)

5

petition to a state prisoner.  *See Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011).  Section 2254(a) permits a court to entertain only claims alleging that a person is in state custody "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Where a state court adjudicated petitioner's federal claim on the merits,[2] as in this case, a court "has no authority to issue the writ of habeas corpus unless the [state c]ourt's decision 'was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States', or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'"  *Parker v. Matthews*, 132 S.Ct. 2148, 2151 (2012) (quoting 28 U.S.C. § 2254(d)).  "When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were

---

[2] "For the purposes of Section 2254(d), a claim has been 'adjudicated on the merits in State court proceedings' when a state court has made a decision that 1) finally resolves the claim, and 2) resolves th[at] claim on the basis of its substance, rather than on a procedural, or other, ground." *Shotts v. Wetzel,* 724 F.3d 364, 375 (3d Cir. 2013) (citation and internal quotation marks omitted).

6

wrong." *Woods v. Donald*, 135 S.Ct. 1372, 1376 (2015). The petitioner carries the burden of proof, and review under § 2254(d) is limited to the record that was before the state court that adjudicated the claim on the merits. *See Pinholster*, 131 S.Ct. at 1398.

A court begins the analysis under § 2254(d)(1) by determining the relevant law clearly established by the Supreme Court. *See Yarborough v. Alvarado*, 541 U.S. 652, 660 (2004). "[C]learly established law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of t[he Supreme Court's] decisions," as of the time of the relevant state-court decision. *Woods*, 135 S.Ct. at 1376 (quoting *White v. Woodall,* 134 S.Ct. 1697, 1702 (2014), and *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). A decision is "contrary to" a Supreme Court holding within 28 U.S.C. § 2254(d)(1) if the state court "contradicts the governing law set forth in [the Supreme Court's] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of th[e Supreme] Court and nevertheless arrives at a [different] result." *Williams*, 529 U.S. at 405-06. Under the "'unreasonable application' clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct

7

governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*, 529 U.S. at 413.

Where a petitioner seeks habeas relief pursuant to § 2254(d)(2) on the basis of an erroneous factual determination of the state court, two provisions of the AEDPA necessarily apply. First, the AEDPA provides that "a determination of a factual issue made by a State court shall be presumed to be correct [and] [t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 29 U.S.C. § 2254(e)(1); *see Miller-El v. Dretke*, 545 U.S. 231, 240 (2005). Second, the AEDPA precludes habeas relief unless the adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

### III. DISCUSSION

Friedman's § 2254 Petition raises one ground: the plea agreement is unconstitutional because it precluded his attorney from arguing that the sentences imposed on each aggravated assault charge should run concurrently. As explained above, the

8

plea agreement provided that the State would recommend sentences of six years, seven years, and seven years on each of the three second-degree aggravated assault charges, and that Friedman would agree to waive arguing in favor of concurrent terms. The trial judge imposed the sentences set forth in the plea agreement, but did so only after determining that, regardless of the stipulation, consecutive sentences were warranted under New Jersey law, *i.e., State v. Yarbough*, 100 N.J. 627 (1986). The Supreme Court of New Jersey rejected Friedman's argument that the provision in the plea agreement prohibiting him from seeking concurrent sentences was unenforceable and found that the trial court properly "recognized that the terms of a plea bargain do not control the inherent sentencing authority of the court and engaged in its own analysis of the principles stated in *Yarbough, supra,* and came to the conclusion that the only appropriate punishment for the separate offenses committed by this defendant was consecutive periods of incarceration." *Friedman,* 209 N.J. at 123.

   Friedman challenges the constitutionality of the plea agreement's provision prohibiting his attorney from seeking concurrent sentences, but such a challenge is misplaced because the New Jersey courts did not base the consecutive nature of the

9

sentences on the plea agreement.  Moreover, even if the courts had relied on the plea agreement, this Court would reject Friedman's habeas claim that the plea agreement was unconstitutional.  The Supreme Court has not held that it is unconstitutional for the defendant to agree to a specific sentence in a plea agreement.  *Cf.* Fed. R. Crim. P. 11(c)(1)(C) (authorizing plea agreements in which the parties "agree that a specific sentence or sentencing range is the appropriate disposition of the case, . . . [a request which] binds the court once the court accepts the plea agreement."); *United States v. Bernard,* 373 F.3d 339, 345 (3d Cir. 2004) (holding that a sentencing court has the authority to accept a plea agreement stipulating to a provision of the sentencing guidelines that otherwise would not apply and that, once the court has accepted such an agreement, it is binding:  "To hold otherwise would be inequitable because it would allow [the defendant] to get the benefits of her plea bargain, while evading the costs").

The Court will also consider whether the New Jersey courts unreasonably applied Supreme Court Eighth Amendment precedent in imposing consecutive sentences.  To show that a sentence inflicts cruel and unusual punishment in violation of the Eighth Amendment, a petitioner must show that the sentence was "grossly

10

disproportionate to the crime." *Graham v. Florida,* 560 U.S. 48, 59 (2010) (citations and internal quotation marks omitted). However, the Supreme Court has ruled that a sentence of 25 years to life for the theft of a few golf clubs under California's three-strikes recidivist sentencing scheme does not violate the Eighth Amendment, *see Ewing v. California,* 538 U.S. 11 (2003), and that a sentence of life in prison for being convicted of obtaining $120 by false pretenses (where the crime was defendant's third felony) does not violate the Eighth Amendment, *see Rummel v. Estelle,* 445 U.S. 263, 274-75 (1980). Most significantly, in *Hutto v. Davis,* 454 U.S. 370 (1982) (*per curiam*), the Supreme Court held that the imposition of two consecutive 20 year terms was not so grossly disproportionate to the crimes of possession with intent to distribute and distribution of nine ounces of marihuana to violate the Eighth Amendment. The New Jersey Supreme Court did not unreasonably apply Supreme Court Eighth Amendment precedent when it rejected Friedman's challenge to his consecutive sentences of six, seven, and seven years for three counts of second-degree aggravated assault.

11

## IV.   CERTIFICATE OF APPEALABILITY

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the Petition is correct.

## V.   CONCLUSION

This Court will dismiss the Petition with prejudice and deny a certificate of appealability.   An Order consistent with this Opinion will be filed.

                                                  s/Noel L. Hillman
                                                  **NOEL L. HILLMAN, U.S.D.J.**

Dated:  May 23, 2016

At Camden, New Jersey